UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Virginia L. Harris**, | ) C/A No. 6:05-0936-RBH-WMC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| **Greenville County School District**, | ) |
| Defendant. | ) |

_____

# *Background of this Case*

The plaintiff is a resident of Greenville County and was formerly employed by the School District of Greenville County. The plaintiff has brought suit against the School District of Greenville County and raises two (2) causes of action: employment discrimination case and personal injury.[1] The events that gave rise to this case took place prior to March 13, 1997, the date the Equal Employment Opportunity Commission (EEOC) issued a so-called right-to-sue letter.

---

[1]The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

In light of the obvious statute of limitations issues in the above-captioned case, the undersigned on April 18, 2005, by order, directed the plaintiff to answer Special Interrogatories. The plaintiff has done so. In her Answers to the Court's Special Interrogatories (Document No. 6), the plaintiff states that she was too sick and impaired to pursue anything of a legal nature after the issuance of the right-to-sue letter on March 13, 1997.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal because it is untimely. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Although this district court clearly has subject-matter jurisdiction to consider the plaintiff's employment discrimination claims, the plaintiff has filed this case over seven and one-half (7½) years too late.  It is well-settled that an employment discrimination case (brought under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, or the Age Discrimination in Employment Act [ADEA]) must be filed no later than ninety (90) days after receipt of the Equal Employment Opportunity Commission's (EEOC's) a right-to-sue letter.  *See* 42 U.S.C. § 2000e-5(f)1; 42 U.S.C. § 12117; 29 U.S.C. § 626(e); and Baldwin Co. Welcome Center v. Brown, 466 U.S. 147, 149, 104 S.Ct. 1723, 80 L.Ed.2d 196, 1984 U.S. LEXIS® 54 (1984).

The right-to-sue was issued by the EEOC on March 13, 1997.  The plaintiff is presumed to have received the right-to-sue letter on March 17, 1997.  *See, e.g.,* Porch v. Dillard's, Inc., 2004 U.S.Dist. LEXIS® 22723, 2004 WESTLAW® 1809813 (N.D.Texas, August 12, 2004), which cites Olds v. Alamo Group (KS), Inc., 889 F.Supp. 447, 450, 1995 U.S.Dist. LEXIS® 9441 (D.Kan.1995); and Barna v. Morgan, 341 F.Supp. 2d 164, 167, 2004 U.S.Dist.

LEXIS® 21733 (N.D.N.Y. 2004), which cites Fed. R. Civ. P. 6(e).  "'In calculating the ninety-day period, the day of receipt is omitted and the day of filing is counted.'"  Stambaugh v. Kansas Dept. of Corrections, 844 F.Supp. 1431, 1432 n. 2, 1994 U.S.Dist. LEXIS® 2214 (D.Kan. 1994), *quoting* Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 1993 U.S.Dist. LEXIS® 10208 (E.D.Pa. 1993).  Hence, the plaintiff needed to file suit by June 12, 1997.  June 12, 1997, fell on a Thursday, so Fed. R. Civ. P. 6(a) is not applicable.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading.  *See*, *e.g.*, United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and American National Bank v. Federal Deposit Insurance Corporation, 710 F.2d 1528, 1537 (11th Cir. 1983).  Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendant in determining under § 1915 whether process should be issued against the defendant.  *See also* Rogers v. Isom, 709 F. Supp. 115, 117, 1989   U.S.Dist. LEXIS® 3521 (E.D.Va. 1989)("A determination of frivolousness on the basis of affirmative defenses is

5

appropriate even though no responsive pleadings have been filed."), *citing* Todd v. Baskerville, supra; and Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984)("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding [sic] a complaint frivolous.")(citation omitted).

The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> * * *  Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

United States v. Newman, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation).  *Accord* Johnson v. Al Tech Specialties Steel  Corp., 731 F.2d 143, 146, 1984 U.S.App. LEXIS® 24139 (2nd Cir.1984)(dismissing action filed 97 days after receipt of right-to-sue notice); Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 78, 2003 U.S.App. LEXIS® 17643 (2nd Cir.2003)(affirming dismissal of complaint received 92 days after receipt  of right to sue notice); and Moscowitz v. Brown, 850 F.Supp. 1185, 1191, 1994 U.S.Dist. LEXIS® 10199 (S.D.N.Y.1994)(dismissing *pro se* action filed 91 days after  receipt of right-to-sue notice).

This court does not have diversity jurisdiction to consider any state law claims, such as personal injury claims, raised by the plaintiff. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
>     (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Both the plaintiff and the defendant are citizens of South Carolina. As result, complete diversity of parties is absent. *See* 28 U.S.C. 1332; and Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). Moreover, any personal injury claims arising under South Carolina are also untimely. *See* § 15-3-530, South Carolina Code of Laws (limitations period is three years).[3]

---

[3] In the event that the plaintiff was intending to allege that her medical condition is work-related, the plaintiff's remedy would have been under South Carolina's Workers Compensation Act. It is well settled that a claimant or employer seeking review of the South Carolina Workers' Compensation Commission must appeal to the applicable South Carolina Circuit Court. In turn, if the appeal to the Circuit Court is not successful, the
(continued...)

7

# *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process because the plaintiff filed suit over seven and one-half (7½) years too late.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)].  *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts...are...capable of determining when an action is

---

(...continued)
claimant or employer must appeal to the South Carolina Court of Appeals, and, if not successful there, must appeal to the Supreme Court of South Carolina.  *See*, *e.g.*, Sharpe v. Case Produce Co., 336 S.C. 154, 519 S.E.2d 102, 1999 S.C. LEXIS® 149 (1999), *reversing* 329 S.C. 534, 495 S.E.2d 790, 1997 S.C.App. LEXIS® 179 (S.C.Ct.App. 1997); and Rogers v. Kunja Knitting Mills, 336 S.C. 533, 520 S.E.2d 815, 1999 S.C.App. LEXIS® 121 (S.C.Ct.App. 1999).

frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the Notice on the next page.


Greenville, South Carolina             s/William M. Catoe
                                       United States Magistrate Judge
May 10, 2005

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
## The Serious Consequences of a Failure to Do So

  The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

  During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
